UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

**ROBERT D. DENNIS**
CLERK

**RHONDA REYNOLDS**
CHIEF DEPUTY

Mailing Address:
Office of the Clerk
200 N.W. 4th Street, Room 1210
Oklahoma City, Oklahoma 73102
(405) 609-5000
Fax (405) 609-5099
Website: www.okwd.uscourts.gov

April 29, 2004

Tony Anastas, Clerk
1 Courthouse Way
Boston, Massachusetts  02210

Re:  MDL # 1600 - General Motors Corp. "Piston Slap" Products Liability Litigation
Your Case # 04-10292 – *REK*

Dear Sir:

Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation directing the transfer of the above entitled action to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. Section 1407.

Please return a copy of this letter when transmitting only a certified copy of the docket sheet and a certified copy of the complaint with any amendments. **PLEASE DO NOT FORWARD THE ORIGINAL RECORDS.**

Please contact me if you have any questions.

Sincerely,
ROBERT D. DENNIS
Clerk of Court

By: _____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

**ROBERT D. DENNIS**
CLERK

**RHONDA REYNOLDS**
CHIEF DEPUTY

**Mailing Address:**
Office of the Clerk
200 N.W. 4th Street, Room 1210
Oklahoma City, Oklahoma 73102
(405) 609-5000
Fax (405) 609-5099
Website: www.okwd.uscourts.gov

April 29, 2004

Tony Anastas, Clerk
1 Courthouse Way
Boston, Massachusetts   02210

Re:   MDL # 1600 - General Motors Corp. "Piston Slap" Products Liability Litigation
      Your Case # 04-10292

Dear Sir:

Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation directing the transfer of the above entitled action to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. Section 1407.

Please return a copy of this letter when transmitting only a certified copy of the docket sheet and a certified copy of the complaint with any amendments. **PLEASE DO NOT FORWARD THE ORIGINAL RECORDS.**

Please contact me if you have any questions.

Sincerely,
ROBERT D. DENNIS
Clerk of Court

By: _____
Deputy Clerk

A CERTIFIED TRUE COPY
APR 15 2004
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

APR 29 2004

FILED
U.S. DIST. COURT
ROBERT DENNIS, CLERK
WESTERN DIST. OF OKLA.
DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
APR 15 2004
FILED
CLERK'S OFFICE

**DOCKET NO. 1600**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE GENERAL MOTORS CORP. "PISTON SLAP" PRODUCTS LIABILITY LITIGATION**

*Michael Gouthro v. General Motors Corp.*, D. Massachusetts, C.A. No. 1:04-10292
*Kim Powell, et al. v. General Motors Corp.*, E.D. Michigan, C.A. No. 2:03-74595
*Troy Smith v. General Motors Corp.*, W.D. Oklahoma, C.A. No. 5:03-1546

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL**

## TRANSFER ORDER

This litigation currently consists of three actions pending in the District of Massachusetts, the Eastern District of Michigan, and the Western District of Oklahoma, respectively.[1] Plaintiff in the Western District of Oklahoma action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Western District of Oklahoma. Sole defendant General Motors Corp. (GM) agrees upon centralization in the Oklahoma district. Plaintiffs in the Eastern District of Michigan and District of Massachusetts actions also agree upon centralization, but they favor selection of the Michigan district as transferee forum. Lastly, plaintiff in a Northern District of Georgia potential tag-along action has argued that if Section 1407 centralization is ordered, the Panel should select the Northern District of Illinois as the transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Oklahoma will serve the convenience of the parties and witnesses and promote

---

[1] The Section 1407 motion as filed with the Panel included an additional action pending in the Eastern District of Oklahoma, *John Wayne Caraway, et al. v. General Motors Corp.*, C.A. No. 6:03-689. That action was ordered remanded to state court on March 17, 2004, and, accordingly, the question of Section 1407 transfer with respect to the action is now moot. While the District of Massachusetts action was not included on the original Section 1407 motion, it has been included in this order because all parties to the action briefed the question of Section 1407 transfer and participated in the March 23, 2004 oral argument held on the transfer motion. The Panel has also been notified of eight additional related actions recently filed in or removed to the Central District of California, the Middle District of Florida (two actions), the Northern District of Georgia, the Southern District of New York, the Eastern District of Pennsylvania, the District of South Carolina and the Southern District of Texas, respectively. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

the just and efficient conduct of the litigation. All actions are purported nationwide class actions brought by plaintiffs who claim that engine pistons in certain GM vehicles do not fit properly and therefore produce excessive noise, thereby damaging the value of plaintiffs' vehicles. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the Western District of Oklahoma is an appropriate forum for this docket, we note that the Oklahoma district, where the first MDL-1600 constituent action is proceeding apace, is a district equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions in this litigation pending other than in the Western District of Oklahoma are transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Joe L. Heaton for coordinated or consolidated pretrial proceedings with the constituent action pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

ATTEST: A true copy of the original
Robert D. Dennis, Clerk

By: _____
Deputy